FILED

AUG 17 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                        Case No. 05-10001-A-7
                                             DC No. JF-5
DDJ, INC.,

                Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THE OBJECTION BY JOE FLORES TO THE CLAIM OF
H. TY KHARAZI

    On January 24, 2005, H. Ty Kharazi ("Kharazi") filed a timely proof of claim in the amount of $5,887.50. Attached to the proof of claim as supporting documentation is a copy of a "Memorandum Opinion and Order Granting Plaintiff Joe Flores' Motion for Attorney's Fees" (the "District Court Fee Order"). Joe Flores ("Flores"), a creditor in the chapter 7 case, has objected to the Kharazi claim. A hearing on that objection was held June 28, 2006, after which the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B).

    Before this chapter 7 case, Flores filed an action in district court against this debtor, DDJ, Inc., and others. Flores was awarded a verdict in that action and judgment was

entered in his favor in March 2004. Subsequently, Flores moved for an award of attorney's fees as the prevailing party. The motion was unopposed, and by the District Court Fee Order, fees were awarded pursuant to Flores' motion in the amount of $16,739. Of that amount, $7,779 was for Kharazi and his office staff. The motion for fees in the district court was brought not by Kharazi but by Flores. In that motion, Flores contended that he was entitled to attorney's fees. The district court agreed.

The District Court Fee Order reflects that "Plaintiff Joe Flores requests attorney's fees for two attorneys." Flores in the District Court Fee Motion sought a total of $12,259.44 for Kharazi's fees, but the district court awarded a lower amount. The district court awarded $5,887.50 for fees for Kharazi himself and $1,891.50 for fees for Kharazi's staff. Kharazi's proof of claim seeks the amount the district court awarded for his fees directly.

In his objection to Kharazi's claim, Flores points out that the District Court did not award fees to Kharazi - it awarded fees to Flores for Kharazi. Thus, Flores argues that Kharazi is not a creditor of this chapter 7 debtor. Rather, Kharazi is a creditor of Flores. Flores also makes the point that as part of his own proof of claim, he has included an amount for attorney's fees as awarded by the District Court.

Kharazi sued Joe Flores in state court on his fees. A trial was set in that action to commence in June 2005, before the Honorable Stephen J. Kane. Flores has asked the court to take judicial notice of the transcript of the proceeding in Superior Court on June 1, 2005. That proceeding consisted largely of the

court enquiring of Flores and Kharazi about the effect of the District Court Fee Order on the Kharazi state court action. Kharazi agreed that he would be satisfied with whatever fees were awarded in the District Court Fee Order. After an extensive discussion and argument before the court, the evidentiary hearing portion of the proceeding commenced. The District Court Fee Order was admitted as an exhibit as was the declaration of Flores in support of his motion for attorney's fees before the district court. Kharazi made a motion, which the state court granted, to amend his complaint to seek quantum meruit and declaratory relief for the state court to order judgment based on the District Court Fee Order. The court then commenced a settlement discussion between Flores and Kharazi and eventually a stipulated judgment was achieved. It was agreed that in <u>Kharazi v. Flores</u>, a fee award of $7,779 would be entered and that the fees would be paid from the DDJ, Inc. chapter 7 case. Flores stated "Mr. Kharazi can have that money that Judge Ishii has granted it. It's his money. He's already got - - he's already got it on the bankruptcy thing."[1] Flores went on to say "In any case, he [Kharazi] is getting his money from the bankruptcy."[2]

The agreement was reduced to a "Stipulated Order and Judgment" of which the court has been asked to take judicial notice. The Stipulated Order and Judgment states in relevant part:

"Plaintiff is awarded $7,779 against defendant Joe Flores

---

[1] Transcript of state court proceedings at pg. 42-43.

[2] Id.

3

> and California Farmer Advocates, Inc.  This amount is derived from the attorney's fee award rendered by judge Anthony Ishii in the United States District Court for the Eastern District of California, Case No. CVF 99-5878AWI in his 'Memorandum Opinion' dated October 6, 2004. . . .
>
> Plaintiff will not record this judgment or seek enforcement of this judgment except through payment of the attorney's fees awarded in [the District Court action].  The defendant in that action is in bankruptcy.  The bankruptcy trustee will decide when and how those fees are paid."

Now, having stipulated in the state court action to the amount of Kharazi's fees and to the manner of Kharazi's being paid (through the bankruptcy case), Flores is objecting to Kharazi's proof of claim, despite the fact that the proof of claim is for less than the amount of the fee award in district court or the fee award in state court.  Having agreed in state court that the bankruptcy trustee would determine when and how Kharazi is to be paid, Flores now asks the court to sustain his objection to Kharazi's proof of claim and instead have the attorney's fees that have now been awarded to Kharazi twice in two different courts, payable as part of Flores' own proof of claim.

This position is inconsistent.  Flores has moved in district court, successfully, for an award of attorney's fees on Kharazi's behalf.  Then, in state court, Flores stipulated to the amount of attorney's fees awarded by the district court provided that they be paid through this chapter 7 case.  Flores agreed that the bankruptcy trustee in this chapter 7 case would have discretion over when and how those fees were paid.

On the one hand, the initial argument made by Flores - that Kharazi is not a creditor directly of this chapter 7 debtor - is a reasonable one.  However, Flores has waived that argument by

4

1  his motion in the district court that resulted in the District
2  Court Fee Order and by his stipulation in state court.  Flores
3  cannot have it both ways.  He has agreed in one court that
4  Kharazi is entitled to fees of $7,779 for representing Flores and
5  California Farmer Advocates, Inc. in their action against DDJ,
6  Inc. and others.  He has further agreed that Kharazi's fees
7  should be paid through this bankruptcy case as and how determined
8  by the bankruptcy trustee.
9      For the above reasons, the objection to claim will be
10 overruled.  The court will issue a separate order.
11 DATED: August 17, 2006

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

Case 05-10001   Filed 08/17/06   Doc 139

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On August 17, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Joe Flores
P. O. Box 3086
Visalia, CA 93278

H. Ty Kharazi, Esq.
KHARAZI & SIRABIAN
1145 E. Shaw Avenue
Fresno, CA 93710

David R. Jenkins, Esq.
P. O. Box 1406
Fresno, CA 93716

Thomas H. Armstrong, Esq.
5250 N. Palm Ave., #224
Fresno, CA 93704

Jeffrey L. Wall, Esq.
6067 N. Fresno Street, #101
Fresno, California 93710-5264

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on August 17, 2006, at Fresno, California.

_____
Kathy Torres, PLS