5

**These Findings of Fact and Conclusions of Law
Are Not Appropriate for Publication**

```
┌─────────────────────────────────┐
│            FILED                │
│  ┌──────────────────────────┐   │
│  │      SEP - 7 2006         │   │
│  │         Kt                │   │
│  └──────────────────────────┘   │
│  UNITED STATES BANKRUPTCY COURT │
│   EASTERN DISTRICT OF CALIFORNIA│
└─────────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                Case No. 05-10001-A-7
                                     DC No. JF-5
DDJ, INC.,

                Debtor.
_____/

In re                                Case No. 05-10002-A-7
                                     DC No. JF-5
DDJ, LLC,

                Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THE OBJECTION BY JOE FLORES TO THE CLAIM OF
ROBERT ROSE

On January 19, 2005, Robert G. Rose ("Rose") filed a proof
of claim in Case No. 05-10001-A-7, the chapter 7 case of DDJ,
Inc. (the "Inc. Case"). On January 14, 2005, Rose had filed a
proof of claim in Case No. 05-10002-A-7, the chapter 7 case of
DDJ, LLC (the "LLC Case"). Each claim was filed before the
claims bar date. Rose's proof of claim in the Inc. Case claimed
$6,965 for accounting, tax and related services. That claim is
supported by a two page statement of charges. Rose's claim in
the LLC Case is for $3,105 and is supported by a two page
statement of charges.

1

145

1  In May 2006, Joe Flores, a creditor in both the Inc. Case
2 and the LLC Case, filed objections to the Rose proofs of claim.
3 Rose filed a declaration in support of his claim and in
4 opposition to the objection in the LLC Case.  He filed a second
5 declaration in the LLC Case that contains additional itemization
6 about his services in the Inc. Case and probably should have been
7 filed in that case.

8  These objections to claim were both overruled without
9 prejudice because of procedural deficiencies.  Thereafter, Flores
10 filed new objections to Rose's proofs of claim in each case, and
11 hearings were held on the objections in each case on August 30,
12 2006.  Rose filed no declaration or opposition to these second
13 objections.  Following a hearing, the court took both objections
14 under submission.  This memorandum[1] contains findings of fact and
15 conclusions of law required by Federal Rule of Bankruptcy
16 Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a
17 core proceeding as defined in 28 U.S.C. §157(b)(2)(B).

18  Bankruptcy Code § 502(b) provides that if an objection to
19 claim is made, the court after notice and hearing "shall
20 determine the amount of the claim" as of the date of the filing
21 of the petition.  A properly filed proof of claim constitutes
22 prima facie evidence of the amount and validity of the claim.  An
23 objection to a claim must establish sufficient credible facts to
24 rebut the proof of claim.  The ultimate burden of proof is upon
25 the claimant.  In re Lundell, 223 F.3d 1035 (9th Cir. 2000).  If
26
27 _____
28 [1]These Findings of Fact and Conclusions of Law Are Not
Appropriate for Publication.

2

the objecting party overcomes the prima facie effect of the proof
of claim, the claimant must prove the validity of the claim by a
preponderance of the evidence.  <u>In re Harrison</u>, 987 F.2d 677
(10th Cir. 1993).

The objections to Rose's claims are almost identical.  The
thrust of the objections is that there is no evidence of the
specific work that Rose performed for DDJ, Inc. or DDJ, LLC.
Additionally, Flores asserts that DDJ, Inc. and DDJ, LLC sold
their assets and liabilities to another company on July 30, 1999,
and that after that time, neither was involved in business
transactions that would make accounting or tax work necessary.

Flores includes a request for notice in support of his
objection in each case that attaches a declaration of Dennis
Hagobian filed in the United States District Court for the
Eastern District of California in a civil action between Flores
and DDJ, Inc. and others and a declaration of Dennis Vartan filed
in the same action.  If evidence here, those declarations would
tend to support Flores' assertion that DDJ, Inc. and DDJ, LLC
sold their assets in 1999.

However, there are problems.  First, in the context of this
objection to claim, the declarations of Dennis Vartan and Dennis
Hagobian are hearsay.  They are out of court statements offered
to prove the truth of the matter asserted.  Fed. R. Evid. 801.
Thus, they are not admissible evidence.

Second, even if the declarations were admissible evidence,
they do not support Flores' argument.  The Hagobian declaration
states that after the sale, the surviving entities, DDJ, Inc. and
DDJ, LLC, were solvent companies having on hand cash and secured

3

1  notes for more than $2 million.  The declaration of Mr. Hagobian
2  also states that the business purpose of DDJ, Inc. and DDJ, LLC
3  after the sale was to pursue commercial and residential real
4  estate investments.  Additionally, after the sale both entities,
5  according to Hagobian, made distributions to their shareholders
6  and members and filed tax returns.  Hagobian states that up until
7  June 2003, the companies had receivables in excess of $1,900,000
8  and virtually no liabilities.

9       Vartan's declaration is in accord.  If anything, these
10 declarations are support for Robert Rose's proof of claim in each
11 case.

12      The proof of claim in each case is prima facie evidence of
13 the amount and validity of the claim.  The objection fails to
14 overcome that prima facie effect, for the reasons set forth
15 herein.  Therefore, in each case, the objection is overruled.
16 Separate orders will issue.

17

18 DATED: September 7, 2006

19
20
21                          WHITNEY RIMEL, Judge
                            United States Bankruptcy Court
22
23
24
25
26
27
28

                              4

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA            )
                              )  ss.
COUNTY OF FRESNO               )

    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721.  On September 7, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Joe Flores
P. O. Box 3086
Visalia, CA 93278

Robert Rose, CPA
1100 W. Shaw Ave., Suite 138
Fresno, CA 93711-3708

David R. Jenkins, Esq.
P. O. Box 1406
Fresno, CA 93716

Thomas H. Armstrong, Esq.
5250 N. Palm Ave., #224
Fresno, CA 93704

Jeffrey L. Wall, Esq.
6067 N. Fresno Street, #101
Fresno, California 93710-5264

Henry D. Nunez, Esq.
4478 W. Spaatz Avenue
Fresno, CA 93722

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

    I certify (or declare), under penalty of perjury, that the foregoing is true and correct.  Executed on September 7, 2006, at Fresno, California.

                                                  *Kathy Torres*
Kathy Torres, PLS

5