5
Thomas H. Armstrong, #146016
LAW OFFICE OF THOMAS H. ARMSTRONG
5250 North Palm, Suite 224
Fresno, California 93704
Telephone (559) 447-4700

Attorney for James E. Salven, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| In Re | CASE NO. 05-10001-A-7F |
| DDJ, INC., | CHAPTER 7 |
|     Debtor. | DC No. THA-6 |
| DDJ, LLC, | CASE NO. 05-10002-A-7F |
|     Debtor. | D.C. NO. THA-6 |
| | DATE: November 2, 2010<br>TIME: 2:00 P.M.<br>DEPT: "A", COURTROOM 11<br>JUDGE: HON. WHITNEY RIMEL |

MOTION FOR ORDER APPROVING SALE OF LITIGATION CLAIMS
PURSUANT TO 11 U.S.C. §363(b)

1. James E. Salven, the Chapter 7 Trustee for the Estate of DDJ, Inc., and pursuant to the December 29, 2006 Settlement Agreement previously approved by this Court, as the representative of the bankruptcy estate of DDJ, LLC, (collectively "DDJ") respectfully represents as follows:

2. This is a motion to sell litigation claims of the DDJ estates. These litigation claims include the estates' interest in District Court action commonly known as Flores I bearing Case No. CIV-F-99-5878; Flores II bearing Case No. CIV-F-04-6405 and an action pending in the Superior Court of the State of California, County of Fresno bearing Case No. 08-CE-CG-03585-DSB captioned James E. Salven, et al., Plaintiffs vs. Dennis Hagobian, et al., Defendants.

3. Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)(N)&(O). This is a motion brought pursuant to 11 U.S.C. §363(b). This is a contested matter under F.R.B.P. Rule 9014 and a motion brought pursuant to Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, LBR Rule 9014-1.

4. The DDJ Bankruptcy cases were filed on or about January 2, 2005. Among the various assets of the estates were litigation claims against the Hagobian Defendants and other defendants as set forth in the state court action.

5. Henry D. Nunez, Esquire, was employed by the DDJ Estates as special counsel to pursue any and all litigation claims on behalf of DDJ. Mr. Salven, as the Chapter 7 Trustee of DDJ, Inc., and as the representative, pursuant to the Settlement Agreement referenced above, of the DDJ, LLC case, has considered

closing DDJ, Inc. and abandoning the litigation claims. However, so as not to prejudice two particular creditors, Connie Flores and Joe Flores, Mr. Salven has made a final offer to resolve their concerns relative to the litigation claims.

6. On September 22, 2010, Mr. Salven conveyed a written offer to resolve the litigation issues and concerns to Mr. and Mrs. Flores. A true and correct copy of the September 22, 2010 correspondence offering to sell all litigation claims to the Flores' or their designee is attached to the Declaration of James E. Salven as Exhibit "A".

7. On October 4, 2010, Joe and Connie Flores accepted the Offer to Resolve Issues re: the Chapter 7 Bankruptcy Estates of DDJ, Inc. and DDJ, LLC with one proviso. That proviso was that the sale amount be reduced to the first $150,000.00 of any proceeds collected on any judgment obtained by the Flores' and/or their designee. A true and correct copy of Joe and Connie Flores' October 4, 2010 acceptance letter accompanies James E. Salven's declaration as Exhibit "B".

8. Following the September 22, 2010 offer by Mr. Salven to sell the claims, discussions occurred between the Flores', Mr. Nunez and Mr. Salven. A Conditional Counter Offer Acceptance was sent by Mr. Salven to Mr. and Mrs. Flores and accompanies Mr. Salven's declaration as Exhibit "C".

9. Based upon these letters, James E. Salven as the Trustee of DDJ, Inc. and as the representative of DDJ, LLC in respect to the litigation claims, respectfully requests that this Court approve the sale of all litigation claims to CBP4Justice, LLC. In exchange for the payment of the first $150,000.00 of any

proceeds collected on any judgment obtained in any litigation, Connie Flores and Joe Flores and Henry D. Nunez will be deemed to have withdrawn all claims filed in DDJ, Inc. and DDJ, LLC.

10. Further, with regard to Mr. Nunez, it is agreed between the Flores', Henry D. Nunez and James E. Salven on behalf of DDJ, that Mr. Nunez may receive compensation subject to this Court's approval in an amount limited to $5,000.00. Any additional compensation will be as and between the parties and outside of the bankruptcy estates.

11. Further, pursuant to the terms of the sale, the first $150,000.00 of any proceeds collected resulting from any and all litigation being sold to CBP4Justice, LLC, and/or its designee shall be property of the two bankruptcy estates and shall be apportioned as contemplated under the September 5, 2007 Settlement Agreement bearing Docket Control No. THA-5.

12. As of this date, the claims in DDJ, LLC approximate $11,116.00. The claims in DDJ, Inc. approximate $31,753.00. The administrative claim of Jeffrey L. Wall is capped in the amount of $29,277.50 pursuant to the Settlement Agreement filed with this Court September 5, 2007. The administrative claim of Thomas H. Armstrong, general counsel in DDJ, Inc., approximates $30,000.00 as of this date. After the payment of all allowed claims in DDJ, LLC and DDJ, Inc., the Trustees' fees and costs in the respective cases and the attorneys' fees and costs incurred for the respective estates, any surplus will be remitted and returned to CBP4Justice, LLC or its designee.

13. 11 U.S.C. Section 363(b)(1) provides that the Trustee, after notice and a hearing, may sell, other than in the

ordinary course of business, property of the estate. In this instance, the Trustee seeks to sell the litigation claims to CBP4Justice, LLC on the conditions set forth above. The Trustee has evaluated the claims and believes that the cost of litigation could be significant and the delay attendant thereto substantial such that sale of the claims at this juncture is in the best interests of the estates and the creditors of the estates.

14. Based upon the foregoing James E. Salven respectfully requests that this Court approve the sale of the litigation set forth above; that should the Court approve the sale of the litigation claims, that a copy of the order be lodged or filed in the Superior Court of the State of California, County of Fresno, action bearing Case No. 08-CE-CG-03585-DSB; and for such further relief as this Court deems appropriate.

Dated: October 18, 2010

Thomas H. Armstrong
Attorney for James E. Salven,
Chapter 7 Trustee for the
Estate of DDJ, Inc.