

These Findings of Fact and Conclusions of Law
Are Not Appropriate for Publication

**FILED** 

**NOV 17 2011**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                  Case No. 05-10001-A-7
                                       DC No. THA-7
DDJ, INC.,

                    Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING FEE APPLICATION OF THOMAS H. ARMSTRONG

    Thomas H. Armstrong, attorney for James E. Salven, chapter 7
trustee, filed his application for payment of first interim fees
and expenses on August 8, 2011.  Joe and Connie Flores filed an
opposition to the application.  A hearing was held September 7,
2011, after which the court took the matter under submission.
This matter is core under 28 U.S.C. § 157(b)(2)(A).  This
memorandum[1] contains findings of fact and conclusions of law
required by Federal Rule of Bankruptcy Procedure 7052 and Federal
Rule of Civil Procedure 52.

    In the fee application, Armstrong seeks court approval of
fees in the amount of $43,892.25 and reimbursement of expenses in

_____

    [1]These Findings of Fact and Conclusions of Law Are Not
Appropriate for Publication.

1

the amount of $706.64.  The period covered by the application is
May 11, 2005, through August 1, 2011.  The application is
supported by the declaration of James E. Salven, the trustee.
Mr. Salven states that the estate has approximately $56,405.60 on
hand.

Mr. Armstrong also filed a declaration in support of his
application.  In that declaration, he describes the work that he
has performed for Mr. Salven in the case.  In addition, the
declaration attaches copies of his invoices describing in detail
the services performed.  The court is cognizant of and takes
judicial notice of the extensive litigation in this case between
Mr. and Mrs. Flores and the chapter 7 trustee.  That litigation
is described in Mr. Armstrong's declaration in support of the
application and in the opposition by Mr. and Mrs. Flores to the
application.  It will not be reiterated here.  Suffice it to say
that this litigation has required heavy involvement by counsel
for the trustee.

According to Mr. and Mrs. Flores, the court lacks
jurisdiction to approve fees and expenses to Mr. Armstrong
because of "dirty hands" and "numerous misrepresentations" to the
court by Mr. Armstrong.  The court observes that in each
instance, the trustee has prevailed.  While Mr. and Mrs. Flores
have appealed numerous orders of this court, none of those
appeals concern fees to Mr. Armstrong.  None of those appeals
mean that the court lacks jurisdiction to hear and consider this
fee application.

Mr. and Mrs. Flores also observe that there are other
administrative expenses in the case, including the expenses of

2

Jeffrey Wall, as attorney for the DDJ, LLC chapter 7 trustee, and special counsel, Henry D. Nunez.  Additionally, Mr. Salven will be requesting compensation as trustee.

Having reviewed the application, the court is persuaded that it is appropriate to allow compensation to Mr. Armstrong for his services as attorney to the chapter 7 trustee in this case. This application is an interim application under Bankruptcy Code § 331.  Under § 330(a)(1), the court may allow to a professional person "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses."

The court has considered the time Mr. Armstrong spent on the services; the rates that he charged; whether the services were necessary to the administration of the case or beneficial at the time the services were rendered; whether the services were performed within a reasonable amount of time; and Mr. Armstrong's skill and experience in the bankruptcy field.  Having reviewed the application, the court is persuaded that the services were necessary and beneficial.  The trustee has prevailed in the litigation and the motions in this court.  The services were performed within a reasonable time and are reasonable based on customary compensation charged by comparably skilled practitioners.  There does not appear to be any unnecessary duplication of services of services that were not reasonably necessary to benefit the estate or necessary to the administration of the case.

For the foregoing reasons, the court will enter an order approving the application.  However, due to the potential insolvency of the chapter 7 estate, pending a final report and

3

accounting, the trustee may, in his discretion, pay Mr. Armstrong
an amount up to but not exceeding $30,000 in fees as well as
reimbursement of the actual expenses in the amount of $706.64.
While the entire amount of fees is approved, only up to $30,000
may be paid, pending a final report.  A separate order will
issue.

DATED:    November 17, 2011.


WHITNEY RIMEL, Judge
United States Bankruptcy Court

service list for 05-10001:

James Edward Salven
Chapter 7 Trustee
P. O. Box 25970
Fresno, CA 93729

Thomas H. Armstrong, Esq.
Fig Garden Financial Center
5250 North Palm Avenue, Suite 224
Fresno, CA 93704

Joe and Connie Flores
P. O. Box 3086
Visalia, CA 93278